**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FIDEL VENTURA ANTONIO, a.k.a. Anserno Jose-Hernandez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-70605 <br><br> Agency No. A078-491-293 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Fidel Ventura Antonio, a native and citizen of Mexico, petitions for review

of a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal,

and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual determinations, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and review de novo claims of due process violations, *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). We deny the petition for review.

Ventura Antonio does not claim he suffered past persecution, but contends he fears future persecution as an indigenous person in Mexico. Substantial evidence supports the agency's denial of his withholding of removal claim because Ventura Antonio failed to demonstrate either that he would face an individualized risk of future persecution, *see Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative), or that there is a pattern or practice of persecution of indigenous people in Mexico, *see Wakkary*, 558 F.3d at 1060-61 (setting forth requirements for a pattern or practice claim). We reject Ventura Antonio's contentions that the BIA's social group analysis was insufficient and that the BIA failed to address his claim based on political opinion. We also reject Ventura Antonio's contention that the BIA violated due process by imposing a new evidentiary requirement on him. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show prejudice to prevail on a due process challenge). Consequently, his withholding of removal claim fails.

Finally, substantial evidence also supports the agency's denial of CAT protection because Ventura Antonio failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in Mexico. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). We reject Ventura Antonio's contention that the BIA failed to analyze his CAT claim properly.

**PETITION FOR REVIEW DENIED.**